PATTERSON ET AL. *v.* SUPERIOR COURT OF THE
STATE OF CALIFORNIA IN AND FOR THE
COUNTY OF FRESNO ET AL.

No. A–765.   Decided March 21, 1975

MR. JUSTICE DOUGLAS, Circuit Justice.

Applicants are two California reporters and the man-
aging editor of their newspaper.   In January 1975, they
published a series of articles containing references to tes-
timony offered in a Fresno County grand jury proceeding,
despite the fact that the transcript of that proceeding
had been ordered sealed by the local state-court judge
before whom the grand jury's indictment was returned.
The judge instituted an investigation seeking to uncover
any possible violations of his order sealing the grand jury
transcript; in the course of that investigation, numerous
witnesses were called, including applicants.   Applicants
state that they were excluded from the courtroom dur-
ing the testimony of the other witnesses, and that their

1301

1302

counsel was prevented from cross-examining any of these witnesses. Applicants themselves, when called, refused to answer questions concerning the manner in which they had obtained access to the grand jury transcript, citing various state and federal privileges (not including, except as to one applicant, their privilege against self-incrimination). The judge refused to recognize these claims of privilege, and found applicants in contempt of court on many occasions, although the record before me does not disclose whether these contempt adjudications have ever been formalized in any sense and does not indicate that any sanction has yet been imposed. Applicants unsuccessfully sought extraordinary relief in the state appellate courts, and now state their intention to seek a writ of certiorari to review the denial of such relief, claiming that their confrontation rights and their due process rights, including the right to a fair and impartial hearing, have been violated and will continue to be violated in these proceedings.

I am informed that proceedings are scheduled to continue in the Superior Court at 10 a. m. today. Intervention in a pending state proceeding of this sort undoubtedly is warranted only in extraordinary circumstances. The facts of this case, however, raise disquieting echoes of the constitutional infirmities which we identified in *In re Murchison*, 349 U. S. 133 (1955), and *In re Oliver*, 333 U. S. 257 (1948). If these proceedings continue in this fashion, applicants may well suffer a deprivation of constitutional rights which can never be adequately redressed. In light of applicants' expressed intention to seek certiorari from the denial of extraordinary relief below, I have this day entered an order staying further proceedings with respect to these applicants, pending my referral of this application to the full Court at the earliest opportunity.