420 U.S. 1301
 95 S.Ct. 1254
 43 L.Ed.2d 645
 William K. PATTERSON et al. Applicants,
v.
 The SUPERIOR COURT OF the State of CALIFORNIA IN AND FOR the COUNTY OF FRESNO et al., Respondents.
 
 No. A—765.
 March 21, 1975.
 Stay Vacated March 31, 1975.
 See 420 U.S. 1001, 95 S.Ct. 1442.
 Mr. Justice DOUGLAS, Circuit Justice.
 
 
 1
 Applicants are two California reporters and the managing editor of their newspaper. In January 1975, they published a series of articles containing references to testimony offered in a Fresno County grand jury proceeding, despite the fact that the transcript of that proceeding had been ordered sealed by the local state-court judge before whom the grand jury's indictment was returned. The judge instituted an investigation seeking to uncover any possible violations of his order sealing the grand jury transcript; in the course of that investigation, numerous witnesses were called, including applicants. Applicants state that they were excluded from the courtroom during the testimony of the other witnesses, and that their counsel was prevented from cross-examining any of these witnesses. Applicants themselves, when called, refused to answer questions concerning the manner in which they had obtained access to the grand jury transcript, citing various state and federal privileges (not including, except as to one applicant, their privilege against self-incrimination). The judge refused to recognize these claims of privilege, and found applicants in contempt of court on many occasions, although the record before me does not disclose whether these contempt adjudications have ever been formalized in any sense and does not indicate that any sanction has yet been imposed. Applicants unsuccessfully sought extraordinary relief in the state appellate courts, and now state their intention to seek a writ of certiorari to review the denial of such relief, claiming that their confrontation rights and their due process rights, including the right to a fair and impartial hearing, have been violated and will continue to be violated in these proceedings.
 
 
 2
 I am informed that proceedings are scheduled to continue in the Superior Court at 10 a.m. today. Intervention in a pending state proceeding of this sort undoubtedly is warranted only in extraordinary circumstances. The facts of this case, however, raise disquieting echoes of the constitutional infirmities which we identified in In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), and In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). If these proceedings continue in this fashion, applicants may well suffer a deprivation of constitutional rights which can never be adequately redressed. In light of applicants' expressed intention to seek certiorari from the denial of extraordinary relief below, I have this day entered an order staying further proceedings with respect to these applicants, pending my referral of this application to the full Court at the earliest opportunity.
 
 
 3
 Stay granted.