1314

GRUNER ET AL. *v.* SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF FRESNO

No. A-190. Decided September 3, 1976

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicants seek a stay of orders of commitment, pursuant to state contempt judgments, pending this Court's disposition of a petition for a writ of certiorari, No. 76–328, on the underlying issue. Applicants also seek a temporary stay until this Court acts upon their request for a stay pending disposition of the petition.

Applicants are editors and reporters employed by the Fresno Bee, a California daily newspaper. Applicants have refused to answer in open court certain questions propounded regarding the identity of sources used by applicants for certain news articles. The articles contained information based upon sealed grand jury testimony. The Superior Court entered judgments of contempt against each of the applicants and ordered that the applicants be jailed until they answer the questions propounded. Applications for stays were denied by the Superior Court in Fresno on August 25, 1976, and by the California Supreme Court on September 2, 1976.

On two prior occasions the applicants have unsuccessfully sought review by this Court. On March 20, 1975, an application for stay pending disposition of a petition for writ

of certiorari was filed with this Court and denied shortly thereafter. *Patterson* v. *Superior Court of California,* 420 U. S. 1301. No petition for certiorari was filed in that matter. In December 1975, a petition for writ of certiorari seeking review of the California courts' affirmation of the contempt judgments was filed with this Court. The petition for the writ of certiorari was denied. *Rosato* v. *Superior Court of California,* 427 U. S. 912 (1976).

On those occasions applicants raised the sort of First and Fourteenth Amendment issues that were dealt with in this Court's opinion in *Branzburg* v. *Hayes,* 408 U. S. 665 (1972). Their present stay application relies largely on the same grounds; since there were not four Justices of the Court disposed to grant certiorari on this very issue in this very case less than three months ago, there is no reason to think that there are four so disposed now. Applicants in their petition for certiorari raise a somewhat different claim, asserting that, before they may be committed for their refusal to testify, they are entitled to a "due process hearing" to determine whether or not the commitment for contempt has a reasonable prospect of accomplishing its purpose. None of our cases support the existence of any such requirement, and applicants' position seems to boil down to a contention that if they but assure the court of their complete recalcitrance, the court is powerless to commit them for contempt.

The application for a stay pending the disposition of the petition for a writ of certiorari in No. 76-328, *Gruner* v. *Superior Court,* and the application for a temporary stay are therefore denied.